UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x
ZHIKAI SUN a/k/a ALEX SUN,

                       Plaintiff,

     -against-

NEW YORK CITY DEPARTMENT OF
EDUCATION, DONNA GIOELLO and MARIA
CAVALLO-BEST

                       Defendants.
---------------------------------------------------------------- x

<u>MEMORANDUM & ORDER</u>

08-CV-4421 (ENV)(CLP)

VITALIANO, D.J.

       Plaintiff Zhikai Sun commenced this action against the New York City Department of Education ("DOE"), Donna Gioello and Maria Covallo-Best pursuant to 42 U.S.C. §§ 1981, 1983, 1985, and 1986, Title VII of the Civil Rights Act of 1964, as well as the common law of New York and New York Executive Law, Article 15. Sun alleges that defendants discriminated against him based on his Chinese ancestry and retaliated against him for filing a complaint against defendants with the Equal Employment Opportunity Commission ("EEOC"). An Order of this Court dismissed Sun's claims brought under 42 U.S.C. §§ 1985, 1986, as well as all claims arising under New York law.

       Defendants now move for summary judgment. Full briefing on this motion was completed and filed with the Court on August 10, 2012. Included in these filings, pursuant to Local Rule 56.1, were party submissions of statements of facts in dispute, responses, and replies. Notably, in his Counter-Statement in Response to Defendants' Statement Pursuant to Local Rule 56.1, plaintiff asserts that defendants never disclosed numerous documents upon which the defense relies and submits as exhibits in support of the present motion. In their reply, defendants

deny that plaintiff properly requested such documents, but they do not deny that this motion's briefing is the first time these documents have been made available to plaintiff.

Though it seems inconceivable that such documents were not producible pursuant to requests plaintiff made, assuming *arguendo* that these documents were not requested, there will be neither trial nor motion by ambush here. It is clear that discovery is incomplete. Therefore, because plaintiff has not been given adequate opportunity to examine or make further inquiry regarding these documents, discovery is ordered re-opened and summary judgment is denied with leave to renew on new briefing following certification by Judge Pollak that discovery is complete.

SO ORDERED.

Dated: Brooklyn, New York
March 27, 2013

s/ ENV

_____
ERIC N. VITALIANO
United States District Judge